UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>              Plaintiff,<br><br>  v.<br><br>BRAD LITTLE, JOSH TEWALT, CENTURION MEDICAL DIRECTOR, and ALL IDOC WARDENS,<br><br>              Defendants. | Case No. 1:22-cv-00174-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Maximiliano Sileoni filed a prisoner civil rights action and a request to proceed in forma pauperis on April 19, 2022. Dkts. 3, 1. Because of Plaintiff's status as a prisoner requesting authorization to proceed in forma pauperis, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A.

      Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

*Twombly*, 550 U.S. at 556). In addition, under the Prison Litigation Reform Act (PLRA)[1], the Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard. To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

In the present action, Plaintiff complains that prison officials have denied him and other prisoners the "right" to donate blood and plasma. There is no federal right to donate blood or plasma that would support a cause of action under 42 U.S.C. § 1983. *See Raso v.*

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

*Moran*, 551 F. Supp. 294, 297 (D.R.I. 1982) (observing that "[t]he plaintiff does not, and indeed could not, contend that he maintains a liberty interest in giving blood that is based on the Constitution itself.") (relying on *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). Plaintiff has not alleged that there is any state statute or other provision of law that might create a liberty interest.

Because no facts, case law, or viable legal theory support Plaintiff's claim, the Court concludes that the Complaint is frivolous. It will be dismissed as such, and a strike will be issued.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED.

2. Plaintiff's Complaint (Dkt. 3) is DISMISSED with prejudice as frivolous.

3. Plaintiff is issued a strike under 28 U.S.C. § 1915(g).

DATED: March 2, 2023

David C. Nye
Chief U.S. District Court Judge